IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT COURT

| | | |
|---|---|---|
| **KELLY RAE BENEDICT,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO.:** |
| | : | |
| **CAROLYN W. COLVIN,** | : | **2:13-CV-2478-CDJ** |
| Acting Commissioner | : | |
| of Social Security, | : | |
| | : | |
| **Defendant** | : | |

**ORDER**

**AND NOW**, this 25th day of February, 2015, after reviewing the report and recommendation[1] of the Honorable M. Faith Angell, United States Magistrate Judge, (Doc. No. 22), as well as the government's objections, (Doc. No. 23), and plaintiff's response to the government's objections, (Doc. No. 24), it is hereby **ORDERED**:

1.) The report and recommendation, (Doc. No. 22), is **ADOPTED IN PART**;[2]

---

[1] When a party files timely objections to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report and recommendation to which objection is made. 28 U.S.C. §636(b)(1). If there are no objections to the report and recommendation or when reviewing those portions of the report and recommendation to which no objections are directed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The court has reviewed those portions of the report and recommendation to which objection was made *de novo*. As for the portion of the report and recommendation to which no objection was made, the court has reviewed the report and recommendation for clear error.

[2] The report and recommendation states, "[a]fter a thorough review of the record herein, noting the contradictory evidence presented, I am not satisfied that there is substantial evidence to support the Commissioner's decision. I recommend remand for further development of the record and a reevaluation of the medical evidence." (R&R at 23.) In response, the government filed objections arguing that the magistrate judge applied the wrong standard of review. The court agrees with the magistrate judge that this matter should be remanded but for slightly different reasons.

In reviewing plaintiff's application, the ALJ noted that several medical specialists – Letitia Alida Covaci, M.D. and Carmelie Rank, LSW – opined that plaintiff was unable to work. The ALJ discounted their testimony, explaining, "the undersigned has considered [these] opinions and gives them limited weight as [they] are not consistent with the evidence of record, including the claimant's mental health therapy treatment records." (ALJ Decision at 8.) The ALJ does not, however, point to the particular record evidence or treatment records that support her conclusion. The ALJ also relied on "record evidence" and "claimant's

2.) The above-captioned matter is **REMANDED** for further proceedings not inconsistent with this order.

                                                                   **BY THE COURT:**

                                                                   */s/ C. Darnell Jones, II   J.*
                                                                   **C. DARNELL JONES, II   J.**

---

mental health therapy treatment records" in one case to support and in another case to discount the testimony of a state agency psychological consultant. Put simply, this court is unable to properly review the ALJ's decision under the substantial-evidence standard without further information as to the specific evidence of record on which the ALJ relied. *Yensick v. Barnhart*, 245 F. App'x 176, 181 (3d Cir. 2007) ("When there is conflicting probative evidence in the record, we recognize a particularly acute need for an explanation of the reasoning behind the ALJ's conclusions.") Therefore, this matter is remanded for proceedings not inconsistent with this opinion.